Christie MENGEL, Appellant,

v.

Harvey ROSEN, an individual, David Rosen, an individual, Lawrence Kates, an individual, Arthur Burdorf, an individual, d/b/a Lyrewood Associates, a limited ficticious partnership, and Standard Investments of Los Angeles, a general partnership, Appellees.

No. 60422.

Supreme Court of Oklahoma.

April 14, 1987.

---

**9.** See *Frayer v. Crain,* 196 Okla. 172, 163 P.2d 966 (1945).

James W. Bill Berry & Associates by James W. Berry and Carol L. Jamison, Legal Intern, Oklahoma City, for appellant.

Huckaby, Fleming, Frailey & Chaffin by Michael L. Darrah and Paul B. Middleton, Oklahoma City, for appellees.

LAVENDER, Justice:

In the early morning hours of August 22, 1981, appellant Christie Mengel was assaulted and robbed in her apartment in an apartment complex owned and operated by appellees. When appellant asked the assailant how he had obtained access to her apartment he told her that she had left her keys in the door. He later gave her those keys, which also included her car keys and forced her to go with him to her car. She noted that her car had been moved to a different location from that where she had parked it before retiring for the night. The assailant forced appellant to drive to a secluded spot and raped her. Appellant was then returned to her apartment and the assailant departed in her car. The car was subsequently recovered and the assailant arrested. Assailant confessed to the incident. The assailant was a former employee of appellee.

Appellant initiated this action against appellees as owners and operators of the apartment complex where she lived. Appellant's petition alleged four theories of recovery against appellees. One of these theories was subsequently dismissed by appellant, a second was dismissed on demurrer by appellees and summary judgment was granted for appellees as to the two remaining theories. On appeal appellant challenged the trial court's sustainment of appellees' demurrer and the dismissal of her theory of recovery couched in warranty and the grant of summary judgment as to her theory sounding in negligence.

The Court of Appeals, Division IV, to which this case was assigned, reversed the trial court's rulings on the two points challenged by appellant. Appellees then petitioned this Court for review of the Court of

Appeals' decision. We have previously granted certiorari.

## I.

■ The Court of Appeals, in reversing the trial court's rulings, found that the Oklahoma Residential Landlord and Tenant Act,[1] and specifically 41 O.S. 1981 § 118 of that Act, created a duty on the part of a landlord to provide a tenant with an apartment secure against criminal intrusion. The pertinent provisions of section 118 state:

"A.   A landlord shall at all times during the tenancy:

1.   Except in the case of a single-family residence, keep all common areas of his building, grounds, facilities and appurtenances in a clean, *safe* and sanitary condition;

2.   Make all repairs and do whatever is necessary to put and keep the tenant's dwelling unit and premises in a *fit and habitable* condition;  . . . ."
(Emphasis added)

We are constrained to hold otherwise. Such words as "safe," "fit" and "habitable," as used within the context of such statutes, imposing a minimum duty of maintenance of the premises on the landlord, refer exclusively to the physical condition of the premises, and have no relation to a duty to provide protection to the tenant against criminal activities of third parties.[2]

## II.

■ We further find that the trial court properly sustained appellees' demurrer to appellant's breach of warranty theory. To support this theory appellant alleged only that appellees had expressly and impliedly warranted appellant's safety in her apartment and that they failed to provide enough security personnel to insure that

safety. In the recent case of *Lay v. Dworman*,[3] we upheld the sustainment of a demurrer to a petition stating the same allegations to support a recovery under warranty theory. In doing so it was noted that the allegations presented a mere conclusion that the alleged breach was responsible for that plaintiff's injuries, and held that the absence of facts pled to support the element of causation rendered the petition incapable of stating a claim upon which relief could be granted.

## III.

The final issue to be addressed is whether the trial court acted properly in granting summary judgment for appellees on appellant's theory of recovery sounding in negligence. The Court of Appeals reversed this ruling finding: 1) that a duty on the part of the landlord existed as a result of 41 O.S. 1981 § 118; and 2) that factual questions existed as to whether that duty had been breached resulting in appellant's injuries.

As discussed in part one of this opinion, the Court of Appeals analysis of 41 O.S. 1981 § 118 was in error. However, this Court, in *Lay v. Dworman*,[4] did acknowledge the existence of a duty on the part of a landlord to refrain from acts or omissions which foreseeably would create an opportunity for a third party to commit criminal acts against the tenant. This duty was found to be based in well established principles of tort law.[5]

■ The standard regarding the grant of summary judgment is that such a motion should be granted only if, under the evidence presented, it appears that there is no substantial controversy as to any material fact and that those undisputed facts would lead reasonable men to a single conclusion which would entitle any party to judgment

1.   41 O.S. 1981 §§ 101 through 135.

2.   *Williams v. William J. Davis, Inc.,* 275 A.2d 231 (D.C.App.1971); *Pippin v. Chicago Housing Authority,* 78 Ill.2d 204, 35 Ill.Dec. 530, 399 N.E.2d 596 (1979); *DeKoven v. 780 West End Realty Co.,* 48 Misc.2d 951, 266 N.Y.S.2d 463 (1965);

*New York City Housing Authority v. Medlin,* 57 Misc.2d 145, 291 N.Y.S.2d 672 (1968).

3.   732 P.2d 455 (Okla.1987).

4.   *Id.*

5.   See Restatement (Second) of Torts § 448 (1965).

as a matter of law.[6] The mere contention that facts exist or might exist is not sufficient to create a substantial controversy when the party moving for summary judgment has introduced evidence showing the existence of facts which would preclude recovery by the party against whom the motion is made.[7]

In the present case the appellees presented evidence in conjunction with their motion for summary judgment in the form of appellant's own statements at deposition in which she acknowledged that the assailant had indicated to her that he had gained access to her apartment as a result of her leaving her keys in the apartment door. Her keys, which included her car keys, had also apparently been in the possession of the assailant prior to the actual assault as appellant acknowledged that her car had been moved from the place she had left it when the assailant took her from the apartment to the car. Appellant also stated that she had no idea how the assailant could have gained access to her apartment except through use of the keys. In response to this evidence appellant contended that she did not believe the assailant's statement as to his mode of entry and that assailant, at the time of his arrest, had been in possession of a key similar to the type used in the complex.

Appellant's statement that she did not believe the assailant entered her door with her own keys is insufficient to create a controversy as to the question of how assailant entered her apartment. Nor does the possession of a key similar to the type used in the complex lead to a reasonable conclusion other than that the assailant was able to enter appellant's apartment as a result of appellant's having left her keys in her door. The other evidence which the Court of Appeals found to present controversy as to the assailant's mode of entry consisted of testimony from a deposition of appellant's brother in which he related hearsay information regarding the access employees of the complex had to apartment keys.

Although it could be argued that appellees had breached their duty to their tenants in the hiring of the assailant as an employee of the complex given his prior criminal acts as a juvenile, the facts established by the evidence before the trial court on motion for summary judgment establish the absence of the causation link between this breach of duty and appellant's injuries. Although his employment put him on the complex grounds this did not put him in a position different than any third party coming on to the complex regarding the opportunity to commit the assault in question upon appellant. The proximate cause of appellant's injuries was not the breach of duty by appellees but the opportunity of entrance to her apartment afforded by appellant's keys.

The evidence before the trial court on appellees' motion for summary judgment was uncontroverted by competent evidence as to the mode of entry into appellant's apartment. The entry by use of appellant's keys provided the proximate cause of appellant's injuries. As the proximate cause of her injuries had no relation to any breach of duty by appellees, appellees were entitled to judgment on this theory as a matter of law.

IV.

The opinion of the Court of Appeals, Division IV, is VACATED. The judgment of the trial court dismissing appellant's theory of warranty and granted on motion for summary judgment as to appellant's theory of negligence is AFFIRMED.

HARGRAVE, V.C.J., and SIMMS, OPALA and SUMMERS, JJ., concur.

HODGES, J., concurs by reason of Stare Decisis.

DOOLIN, C.J., and WILSON and KAUGER, JJ., dissent.

6. *Poafpybitty v. Skelly Oil Co.,* 517 P.2d 432 (Okla.1973); *Runyon v. Reid,* 510 P.2d 943 (Okla.1973).

7. *Loper v. Austin,* 596 P.2d 544 (Okla.1979); *Parsons v. Wood,* 584 P.2d 1332 (Okla.1978).