Teresa RODGERS, Appellee,

v.

Harvey ROSEN, an individual, David Rosen, an individual, Lawrence Kates, an individual, and Arthur Burdorf, an individual, d/b/a, Lyrewood Associates, a general partnership, Standard Investments of Los Angeles, a general partnership, and J. Ernest Talley, an individual, d/b/a Talley Investments of Wichita, Kansas, Appellants.

No. 59541.

Supreme Court of Oklahoma.

May 12, 1987.

James W. Bill Berry & Associates by James W. Berry, Oklahoma City, for appellee.

Huckaby, Fleming, Frailey & Chaffin by Micheal L. Darrah, Oklahoma City, for appellants.

LAVENDER, Justice:

Teresa Rogers, appellee in this case, was assaulted in her apartment by an unknown

assailant. In the process of escaping from this assailant appellee leaped out of the window of her second story apartment and received injuries to her back. Appellee brought this action against the owners of the apartment complex in which her apartment was located, alleging that the owners, as landlords, had acted negligently in allowing the assailant to gain access to her apartment. Appellant owners brought a motion for summary judgment alleging they owed no duty to appellee and that she therefore could not maintain an action in negligence. The trial court granted appellants' motion on the ground that there was no duty of the landlord to protect a tenant from criminal acts of a third party. Appellee filed motion for new trial alleging that facts before the trial court at the time of ruling on the motion for summary judgment established that acts or omissions of appellants' agents were directly responsible for the entry of the assailant to appellee's apartment. The trial court granted the motion for new trial and appellants brought the present appeal.

The Court of Appeals, Division III, to which this case was originally assigned, affirmed the trial court's order granting the new trial. In doing so, the Court of Appeals found that the Oklahoma Residential and Tenant Act,[1] and specifically 41 O.S.1981 § 118, created a duty on the part of the landlord to provide a tenant with an apartment secure against criminal intrusion. Appellants petitioned this Court for writ of certiorari to obtain review of the Court of Appeals' interpretation of this statute and its affirmance of the trial court's order. We have previously granted the requested writ.

### I.

The pertinent provisions of section 118 of the Oklahoma Residential Landlord and Tenant Act, provide:

"A. A landlord shall at all times during the tenancy:

1. Except in the case of a single-family residence, keep all common areas of his building, grounds, facilities and appurtenances in a clean, *safe* and sanitary condition;

2. Make all repairs and do whatever is necessary to put and keep the tenant's dwelling unit and premises in a *fit and habitable* condition; ...." (Emphasis added)

■ We are constrained to hold contrary to the Court of Appeals' conclusion, and accordingly vacate the opinion of the Court of Appeals, Division III, rendered in this case. Such words as "safe," "fit" and "habitable," as used within the context of such statutes, imposing a minimum duty of maintenance of the premises on the landlord, refer exclusively to the physical condition of the premises, and have no relation to a duty to provide protection to the tenant against criminal activities of third parties.[2]

### II.

This Court, in *Lay v. Dworman*,[3] has acknowledged the existence of a duty on the part of a landlord to refrain from acts or omissions which foreseeably would create an opportunity for a third party to commit criminal acts against the tenant. This duty was found to be based in well established principles of tort law.[4] The question to be addressed here is whether the trial court acted properly in granting appellee's motion for new trial following the entry of judgment for appellants on their motion for summary judgment. If, under the evidentiary material presented to the trial court, there appeared to be no substantial controversy as to any material fact and the facts presented would lead reasonable men to a single conclusion

1. 41 O.S.1981 §§ 101 through 135.

2. *Williams v. William J. Davis, Inc.,* 275 A.2d 231 (D.C.App.1971); *Pippin v. Chicago Housing Authority,* 78 Ill.2d 204, 35 Ill.Dec. 530, 399 N.E.2d 596 (1979); *DeKoven v. 780 West End Realty Co.,* 48 Misc.2d 951, 266 N.Y.S.2d 463 (1965);

*New York City Housing Authority v. Medlin,* 57 Misc.2d 145, 291 N.Y.S.2d 672 (1968).

3. 732 P.2d 455 (Okla.1987).

4. See Restatement (Second) of Torts, § 448 (1965).

which would have entitled appellants to judgment as a matter of law, the trial court's entry of judgment for appellants was proper.[5] If the trial court correctly found that summary judgment was proper as a matter of law on the facts presented, then its reversal of its position in granting a new trial was erroneous.[6]

On appeal appellee argues that the trial court properly granted the motion for new trial because the evidence before it on motion for summary judgment raised a question of appellants' liability for her injuries under one or both of two theories; negligence and implied warranty.

■ In conjunction with the motion for summary judgment the following facts were acknowledged to be uncontroverted: 1) that a ladder was used to gain access to appellee's apartment; 2) that the assailant broke a window to gain access to appellee's apartment; and 3) that the ladder used had possibly belonged to an independent contractor who had done work on the complex prior to the incident. Viewing these facts in the light most favorable to appellee it is apparent that, although the ladder was used to gain access to the window, the window itself was secure against intrusion absent the application of the force to break it.

The evidence before the trial court on appellants' motion for summary judgment was uncontroverted by competent evidence as to the mode of entry into appellee's apartment. The entry by force through the otherwise secure window provided the proximate cause of appellee's injuries. As the proximate cause of her injuries had no relation to any breach of duty by appellants, appellants were entitled to judgment on appellee's negligence theory as a matter of law.

Similarly, the materials before the trial court failed to establish any factual basis to support appellee's alleged implied warranty theory. The materials present noth-ing more than a mere allegation that appellee's injuries were a result of appellants' failure to provide adequate security. There is a total failure to establish the existence of a causation link between appellants' acts or omissions and appellee's injuries. As such the materials failed to establish a basis for recovery under implied warranty theory as the existence of proximate cause is a necessary prerequisite to maintaining a cause of action under that theory.[7] In *Lay v. Dworman*,[8] this Court recognized the necessity of establishing an element of causation, beyond the mere allegation of a failure to provide adequate security, to the maintenance of a cause of action upon which relief could be granted.

### III.

The trial court's grant of summary judgment to appellants was proper as a matter of law. Its subsequent grant of appellee's motion for new trial was the result of an erroneous reassessment of the facts upon which the judgment had been entered. The opinion of the Court of Appeals, Division III is VACATED. The order of the trial court granting appellee's motion for new trial is REVERSED.

HARGRAVE, V.C.J., and HODGES, SIMMS, OPALA and SUMMERS, JJ., concur.

DOOLIN, C.J., and ALMA WILSON and KAUGER, JJ., dissent.

---

5. *Poafpybitty v. Skelly Oil Co.,* 517 P.2d 432 (Okla.1973); *Runyon v. Reid,* 510 P.2d 943 (Okla.1973).

6. *Lindsay v. Sikes,* 483 P.2d 1141 (Okla.1971).

7. See *Sneed v. Beaverson,* 395 P.2d 414 (Okla. 1964).

8. Supra, note 3.