**Phillip D. BURKHART, Appellant,**

v.

**Tony Lee WARD, and 2300 Riverside Unit Owner's Inc., an Oklahoma Corporation, Appellees.**

**No. 72970.**

Court of Appeals of Oklahoma,
Division No. 3.

Sept. 24, 1991.

Rehearing Denied Oct. 28, 1991.

Certiorari Denied Sept. 28, 1993.

Ronald E. Hignight, Tulsa, for appellant.

Roger R. Williams, Joseph F. Clark, Jr., Tulsa, for appellees.

## OPINION

JONES, Judge:

Phillip D. Burkhart appeals the District Court's Order sustaining Summary Judgment in favor of Appellee, 2300 Riverside Unit Owner's Inc. Burkhart sued Riverside for negligence and Tony Ward for assault and battery. The District Court found that the uncontroverted facts established Riverside had no duty to Burkhart. We disagree and remand for trial.

The Appellee, 2300 Riverside Unit Owner's Inc., was created by W.A. Anderson and Nellie Anderson under the provisions of the Oklahoma Unit Ownership Estate Act, Title 60 O.S.1965, § 501 et seq. as a not-for-profit organization. Pursuant to the Articles of Incorporation, Riverside operated and managed the complex on behalf of the unit owners and had the right to approve or disapprove the sale or lease of any unit. Lessees were required to make monthly payments directly to Riverside. Prior to formation of the corporation, Nellie Anderson and W.A. Anderson owned the entire building. After incorporation, Nellie Anderson retained ownership in some of the units.

Anderson leased one of the units in which she personally retained ownership to Burkhart under the terms of a Lease Agreement executed On February 4, 1987. On June 20, 1987, Burkhart was assaulted in his fourteenth floor apartment. On the evening in question, Burkhart was drawn to the front door by loud banging on the door of an adjacent apartment. Noticing his own door ajar, he looked out into the hallway. Suddenly he was smashed in the head with a club. Burkhart's assailant wielded such violent force that he required extensive hospitalization and subsequent home care. Actual medical expenses were $13,000.00.

Burkhart submitted two propositions for Appellate review: (1) Whether the District Court erred in finding privity necessary to establish a duty of care owed by a landlord to a tenant, and (2) Whether the District Court erred in granting Summary Judgment when there were genuine issues as to material facts.

■ The central issue on appeal is not privity but whether the District Court properly entered Summary Judgment in favor of Riverside. According to Rule 13, Rules for District Courts, Summary Judgment is proper only when it appears that there is no substantial controversy as to any material fact and one of the parties is entitled to judgment as a matter of law. Furthermore, even when the basic facts are not in dispute, if reasonable men might draw different conclusions from those facts, the District Court should not have granted Summary Judgment. *Anderson v. Falcon Drilling Co.*, 695 P.2d 521, 524 (Okl.1985).

■ Riverside claims it had no duty to protect Burkhart from criminal acts of third persons because there was no contract between the parties. A contract is not necessary to prove a duty of care, but the lease agreement executed between Burkhart and Anderson is important to establish Burkhart's status as a tenant. Burkhart was a tenant. The duty of a landlord to provide adequate security to its tenants is not contingent upon express terms in the Lease Agreement but may be implied from the relationship between the parties.

The plaintiff in *Lay v. Dworman*, 732 P.2d 455 (Okl.1977) was only a subleasee of the original tenant, but even so, the Court found the landlord had a duty to use reasonable care to maintain the common areas of the premises in such a manner as to insure that the likelihood of criminal activity was not unreasonably enhanced by the condition of the premises. *Id.* at 458. Riv-

erside undertook to screen visitors and to lock all doors except the front entrance after 7:00 p.m. Because of the heightened security measures and the enclosed nature of the building, residents may have felt reasonably secure in opening their doors to the common hallways, whether to investigate disturbances or simply to leave their apartments. "The landlord faces potential liability when the circumstances are such that a reasonable man would realize that a failure to act would render one relying on those actions susceptible to criminal acts." *Dworman* at 459. Whether Riverside failed to act and whether it realized that any failure to act made its tenants more susceptible to criminal acts are questions of fact.

■ To establish liability for negligence it must be shown that there was a duty owed by the Defendant to the Plaintiff; a breach of that duty; and an injury to the Plaintiff proximately flowing from the breach thereof. *Dworman* at 457. The evidence in the instant case shows that Riverside owed a duty of care to Burkhart. However, whether Riverside breached that duty by its acts or omissions; whether any breach was the proximate cause of Burkhart's injuries; whether there were intervening or supervening causes; whether Riverside had knowledge of criminal activity in the vicinity; and whether the criminal acts of third persons were foreseeable are factual issues which should be weighed by a jury. The District Court erred in granting Summary Judgment to Appellee, 2300 Riverside Unit Owner's, Inc. We reverse and remand for a jury trial on all the issues.

REVERSED AND REMANDED.

HANSEN, P.J., and HUNTER, C.J., concur.