978 F.2d 1267
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Yaowapa JONES, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-6182.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1992.
 
 Before LOGAN, EBEL and PAUL KELLY, Jr., Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Yaowapa Jones appeals from a judgment of the district court entered in favor of the government. We affirm.
 
 
 3
 Ms. Jones filed her complaint pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680. She alleged she had received negligent emergency medical care at the Tinker Air Force Base Hospital Emergency Room. Ms. Jones, an illiterate Thai native, alleged she presented to the Emergency Room complaining of abdominal cramping. She was released following an examination by the duty physician, Lt. Col. Milham, with an assessment of "abdominal cramps, etiology unclear." Ms. Jones's symptoms worsened. Three days later she went to a civilian physician who determined she had appendicitis. Ms. Jones was returned to Tinker via ambulance where surgery revealed she had a ruptured appendix.
 
 
 4
 Ms. Jones filed an administrative claim which was settled for $50,000.00. Ms. Jones apparently commenced this action because of new information she has received which indicates that she has a future risk of bowel obstructions and infertility due to adhesions, thereby increasing her damages to $500,000.00.
 
 
 5
 Following a two-day bench trial, the district court held for defendant on the ground that Ms. Jones had failed to meet her burden of proof. The court held that she had proved neither negligence on the part of Lt. Col. Milham nor causation.
 
 
 6
 Ms. Jones raises only sufficiency of the evidence issues on appeal. She argues that the district court's findings of fact are not supported by substantial evidence, the district court misapprehended the effect of the evidence, and the testimony considered as a whole shows that court's finding is against the preponderance of the credible testimony.
 
 
 7
 In reviewing the district court's judgment for a challenge to the sufficiency of the evidence, we view the evidence presented
 
 
 8
 in the light most favorable to the prevailing party.... The findings of the district court are presumed correct and should not be set aside on appeal unless they are clearly erroneous. A finding of fact is "clearly erroneous" if it is without factual support in the record or if the appellate court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made.
 
 
 9
 Raydon Exploration, Inc. v. Ladd, 902 F.2d 1496, 1499 (10th Cir.1990) (citations omitted).
 
 
 10
 Under Oklahoma law,[1] in order to make a prima facie case of negligence, Ms. Jones had to establish three elements:
 
 
 11
 (1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure to properly exercise or perform that duty and (3) the plaintiff's injuries are proximately caused by the defendant's failure to exercise his duty of care.
 
 
 12
 McKellips v. Saint Francis Hosp., Inc., 741 P.2d 467, 470 (Okla.1987) (citing Lay v. Dworman, 732 P.2d 455, 457 (Okla.1986); Thompson v. Presbyterian Hosp., Inc., 652 P.2d 260, 263 (Okla.1982)).[2] Ms. Jones had to establish these elements by a preponderance of the evidence. See McKellips, 741 P.2d at 471.
 
 
 13
 The parties agree that a duty was owed to Ms. Jones. We do not address whether Lt. Col. Milham breached that duty by providing a substandard level of care, because we agree with the district court that Ms. Jones failed to prove that her injuries were proximately caused by Lt. Col. Milham's failure to perform certain tests and additional examinations.
 
 
 14
 Proof of causation is established when the evidence, " 'warrant[s] the conclusion that a preponderance of the evidence discloses facts and circumstances establishing a reasonable probability that defendant's negligence was the proximate cause of the injury.' " Id. at 471 (quoting Robertson v. LaCroix, 534 P.2d 17, 21 (Okla.App.1975)). "Absolute certainty is not required, however, mere possibility or speculation is insufficient." Id.
 
 
 15
 Ms. Jones alleged that Lt. Col. Milham's failure to perform various tests and additional examinations was the reason her appendicitis was not diagnosed when she first presented. Several witnesses testified, however, that they did not know whether the appendicitis could have been picked up with these additional measures, Appellant's App. at 41, 42, 79, and Dr. Barrett, appellee's expert, apparently testified that he did not believe the additional tests suggested would have disclosed the appendicitis.[3] Viewed in the light most favorable to defendant, we cannot say the district court's finding that Ms. Jones failed to prove causation was clearly erroneous. See Ball Corp. v. Xidex Corp., 967 F.2d 1440, 1447 (10th Cir.1992) (district court's determination regarding causation is a finding of fact reviewed under the clearly erroneous standard).
 
 
 16
 At this point, we are compelled to state that the briefs were not very helpful to us here. Ms. Jones's brief, in particular, contained hyperbole, and neither brief was as thorough as it should have been. Further, the appendix filed by Ms. Jones is inadequate. In addition to some pleadings filed in district court, the appendix contains only four pages of the Massello deposition, eight pages of the Milham deposition, twenty-one pages of the November 26 transcript, and fifty-six pages of the November 27 transcript. None of the transcript pages is identified as to the testifying witness. When counsel intends to argue the sufficiency of the evidence on appeal, this court is done a disservice by presenting to us unidentified parts of the transcript containing only testimony most favorable to appellant. Appellant is charged with providing the appellate court a suitable record on appeal. See Fed.R.App.P. 10(b)(2); see also General Order, 10th Cir. Oct. 25, 1990, p. 5 (counsel has responsibility to ensure record excerpts sufficient for consideration and determination of issues on appeal; court under no obligation to remedy failure of counsel to fulfill that responsibility); Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979 (10th Cir.1992) (appellate review necessarily limited when appellant challenges sufficiency of evidence but fails to include transcript of all relevant evidence).
 
 
 17
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In actions brought under the FTCA "the law of the place where the act or omission occurred determines the legal basis for liability." Gundy v. United States, 728 F.2d 484, 487 (10th Cir.1984); see also 28 U.S.C. § 1346(b)
 
 
 [2]
 In Oklahoma, the general principles of proof are the same in medical malpractice actions as in ordinary negligence actions. McKellips, 741 P.2d at 471
 
 
 [3]
 Appellant failed to include the appropriate pages of Dr. Barrett's testimony