■ ANNA FONTANEZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant. [638 NYS2d 77] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered May 31, 1994, which denied defendant Housing Authority's motion for summary judgment dismissing the complaint, affirmed, without costs.

Plaintiff has raised issues of fact concerning defendant's failure to replace a missing door handle on the door leading from the interior stairwell into the residential hallway, whether such missing door handle substantially contributed to the criminal assault on plaintiff, and whether said occurrence was reasonably foreseeable (*see*, *Rodriguez v New York City Hous. Auth.*, 211 AD2d 328, 331; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315). Concur—Ellerin, J. P., Kupferman and Williams, JJ.

Ross and Tom, JJ., dissent in a memorandum by Tom, J., as follows: Plaintiff Anna Fontanez resides in Apartment 4C in the building designated as 1755 Bruckner Boulevard, Bronx, New York. The building, a seven-story multiple dwelling, is part of the Bronxdale Housing Projects, which are owned and operated by defendant the New York City Housing Authority ("Housing Authority"). The main entrance of the building has two separate doorways; the first doorway is without a lock and

leads to a vestibule, and the second (interior) doorway, which has a lock and requires a key for entry, leads into the building's lobby.

Plaintiff, who testified at a hearing held pursuant to General Municipal Law § 50-h, stated that on December 17, 1991, she returned to the building at approximately 9:00 P.M. and, while looking through the glass door into the vestibule, she saw a young man loitering by the elevator. Plaintiff entered the building in any event and, once inside, noticed the unknown individual open the lobby door and permit two other young men to enter the building. Plaintiff maintained that she began to feel uncomfortable and suspicious and, rather than using the elevator, she went to the stairway and ran up the stairs to the third floor. Plaintiff averred that she proceeded to the third floor, rather than the fourth floor where her apartment is located, because a friend had an apartment on that floor, and she felt she could seek shelter there.

Plaintiff testified that when she reached the third floor landing, she could not enter the floor because the stairway door had no handle. Plaintiff claimed she then attempted to go up another flight of stairs to the fourth floor but that when she turned, one of the men hit her in the face with a revolver. Plaintiff screamed and the perpetrators escaped when her son and neighbors came to her aid.

After the section 50-h hearing was concluded, defendant moved for summary judgment, which was denied by Justice Stanley Green by decision and order entered May 31, 1994. Defendant appeals and I vote to reverse the IAS Court.

It is well-settled that a landowner has a duty to exercise reasonable care in maintaining its property in a safe condition (*Preston v State of New York*, 59 NY2d 997, 998; *Basso v Miller*, 40 NY2d 233, 241) and, pursuant to this standard, a landlord has a duty to maintain minimal security measures, related to the specific building, in the face of foreseeable criminal acts (*Miller v State of New York*, 62 NY2d 506, 513; *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507; *Burgess v City of New York*, 205 AD2d 656, 657, *lv denied* 84 NY2d 808). The landlord, however, is not the insurer of the safety of its tenants (*Nallan v Helmsley-Spear, Inc., supra*, at 519; *Tarter v Schildkraut*, 151 AD2d 414, 415, *lv denied* 74 NY2d 616; *Gill v New York City Hous. Auth.*, 130 AD2d 256, 262).

In the matter at bar, there is no dispute that the lock on the front door of the building was operational; indeed, plaintiff testified that she entered the locked interior door with the use of her key. This is not a case where the assailant took

advantage of an unlocked or broken outer door to gain entry to the building (*see, Dawson v New York City Hous. Auth.*, 203 AD2d 55; *Kistoo v City of New York*, 195 AD2d 403). In fact, there is no evidence presented whatsoever to indicate how the first assailant gained access to the building. Plaintiff's own testimony confirms that the front door security system was operational and that the interior door to the building's lobby was locked.

Plaintiff asserts that the Housing Authority's inadequate maintenance of the doorway to the third floor was a proximate cause of the attack and resulting injuries. However, plaintiff's argument is tenuous and the evidence herein does not support her position. Even assuming that plaintiff could prove that defendant was negligent in maintaining the subject door, the defective door "merely furnished the condition or occasion for the occurrence of the event rather than one of its causes" (*Sheehan v City of New York*, 40 NY2d 496, 503; *see also, Margolin v Friedman*, 43 NY2d 982, 983; *Stone v Williams*, 64 NY2d 639, 642).

In the case at bar, the crime was already developing by the time plaintiff reached the third floor landing. Plaintiff, in fact, testified that she knew something was going to happen because she sensed the assailants' presence behind her when she was on the stairs. When plaintiff could not open the stairwell door and immediately turned so as to flee to the next landing, the perpetrators were already standing in front of her and immediately struck her. It is clear then that the alleged absence of the doorknob or handle on the door leading to the third floor did not set into motion, or contribute to the cause of the assault that was already in the process of occurring.

Plaintiff has failed to offer any evidentiary proof other than " ' "[m]ere conclusions, expressions of hope or unsubstantiated allegations or assertions," ' " to support her contention that defendant's alleged inadequate maintenance of the stairwell door may have contributed to the cause of the criminal incident leading to plaintiff's injuries (*Ascher v Garafolo Elec. Co.*, 113 AD2d 728, 731, *affd* 67 NY2d 637, quoting *Krupp v Aetna Life & Cas. Co.*, 103 AD2d 252, 262, quoting *Zuckerman v City of New York*, 49 NY2d 557, 562). Since plaintiff has failed to show that the alleged negligence was a substantial cause of the events which produced the injuries (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315), I vote to reverse the IAS Court and dismiss the complaint.