### In the Matter of the ESTATES OF Katie Juanita YOUNG, Deceased, and James Mansfield Young, Deceased.

### Laveta CHASE, James McNeil Young, Jess G. Young, Kathryn Wentzel and Elizabeth Young, Appellants,

### v.

### Edward L. YOUNG, Appellee.

### No. 77359.

Court of Appeals of Oklahoma, Division No. 3.

May 26, 1992.

---

Stephen D. Colbert, Ardmore, for appellants.

Kenneth L. Delashaw, Jr., Marietta, for appellee.

## MEMORANDUM OPINION

HUNTER, Judge:

Appellee Edward L. Young murdered his parents in 1987. He was tried by judge on two counts of first degree murder and was found not guilty by reason of insanity. Appellee's brothers and sisters, the Appellants herein, petitioned the court for a determination of heirship and entitlement to life insurance proceeds, and urged that Appellee be disqualified as an heir to his parents' estate and any insurance proceeds based upon Oklahoma's slayer statute, 84 O.S. 1981, § 231. Appellee filed a motion for summary judgment in which he alleged his entitlement to his share of his parents' estate because he was acquitted by reason of insanity and was thus incapable of felonious or intentional murder as required under Section 231. *State Mutual Life Assurance Co. of America v. Hampton*, 696 P.2d 1027 (Okl.1985). Appellee attached to his motion copies of case law from other jurisdictions and the court minute and journal entry adjudging him not guilty by reason of insanity in the criminal case. A transcript of the criminal trial proceedings is also included in the record. Appellants responded that summary judgment should be denied and the matter set for trial for a determination of Appellee's entitlement in the estate and insurance proceeds based upon *Hampton, supra,* wherein the Supreme Court held that under the slayer statute, a beneficiary's acquittal on charges of killing the insured does not per se entitle him to recover proceeds of the decedent's insurance policy. By virtue of Section 231, this rule is equally applicable to cases involving a decedent's estate and is not limited only to questions regarding a slayer's right to the decedent's life insurance proceeds. Based upon the material submitted by Appellee, the trial court found there was no substantial controversy of material fact and determined that Appellee is entitled to share as an heir in the estate. Appellants filed this appeal in which they urge the matter be remanded for trial based upon *Hampton, supra.*

The Supreme Court held in *Hampton* that a beneficiary's acquittal is not conclu-

sive on the issue of whether the beneficiary took, or caused to be taken, the insured's life in such a manner as to constitute felonious, intentional, unjustifiable homicide, and that this issue may be litigated in a subsequent civil proceeding to determine the claimant's rights to a decedent's insurance proceeds. *Hampton,* 696 P.2d at 1034. In reaching this conclusion, the Court stated:

> ... [W]e find it unlikely that the legislature intended that an acquittal have any effect on the question of a beneficiary's right to insurance proceeds under § 231 ... Proof beyond a reasonable doubt is not necessary in order to establish the existence of a crime in a civil proceeding, and an acquittal may merely mean failure to meet the higher standard of proof required in a criminal proceeding. A subsequent civil action based on the same facts could produce a different result since a lesser burden of proof, a preponderance of the evidence, is required ... Moreover, special administrator and children, who are entitled to take under § 231 if wife is barred, were not parties to the criminal case. Due process standards would preclude their being bound by the result of proceedings in which they did not participate. (Citations omitted).

696 P.2d at 1033.

■ The Court in *Hampton,* further determined that a named beneficiary has the burden of establishing by a preponderance of evidence the existence of the insurance contract, the death of the insured covered by the policy and their status as a beneficiary. Once the named beneficiary makes a prima facie showing that he has a right to recover under the insured's policy, the other claimants would be permitted to litigate their affirmative defense that the named beneficiary took, or caused to be taken, the life of the insured in such a manner as to constitute felonious, intentional and unjustifiable homicide. This did not happen in the present case.

■ Summary judgment should be granted only when there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. *Mengel v. Rosen,* 735 P.2d 560 (Okl.1987). Here, there was a substantial controversy regarding the issue of whether Appellee caused to be taken, the life of his parents in a manner constituting felonious, intentional and unjustifiable homicide. Appellee's acquittal by reason of insanity was not conclusive proof that he did not commit the murders unjustifiably or with felonious intent in the civil proceeding for determination of heirship. *State Mutual Life Assurance Co. of America v. Hampton, supra.* In granting summary judgment to Appellee, the trial court gave conclusive effect to Appellee's acquittal and denied Appellants their right to put on evidence in support of Appellee's disqualification under Section 231. The trial court erred in granting summary judgment to Appellee when this substantial controversy remained.

The trial court's judgment is therefore reversed and this matter is remanded for trial at which time Appellee has the burden of establishing by a preponderance of the evidence, (1) the existence of the insurance contract and his parents' estate, (2) their deaths which were covered by the policy and, (3) his status as a beneficiary under the policy and as heir to the estate. Once Appellee has made a prima facie showing that he has a right to recover as a named beneficiary and as an heir to the estate, Appellants are to be permitted to litigate their affirmative defense that Appellee took or caused to be taken, the lives of his parents in such a manner as to constitute felonious, intentional and unjustifiable homicide, thereby disqualifying him as a beneficiary or heir.

REVERSED AND REMANDED.

JONES, J., concurs.

HANSEN, V.C.J., concurs by reason of stare decisis.