UNITED STATES of America ex rel.
FARMERS HOME ADMINIS-
TRATION, Appellant,

v.

L. Faye WILCOX, Appellee.

No. 80542.

Court of Appeals of Oklahoma,
Division No. 3.

Aug. 24, 1993.

Joe Heaton, U.S. Atty., Roger Griffith, Asst. U.S. Atty., Oklahoma City, for appellant.

Donald A. Pape, Norman, for appellee.

OPINION

GARRETT, Judge:

The Federal Land Bank of Wichita, now The Farm Credit Bank of Wichita (Land Bank), loaned money to Robert W. Shephard and Pamela A. Shephard (Shephards). Neither Shephards nor Land Bank are parties to this appeal. As collateral for the loan, Land Bank took a first mortgage on real property owned by Shephards. L. Faye Wilcox (Appellee or Wilcox) also loaned money to the Shephards. Wilcox is Pamela Shephard's step-mother. As collateral for her loan, Wilcox took a second mortgage on the same real property.

Shephards were unable to make a payment due to Land Bank. They applied to the Farmers Home Administration (Appellant or FmHA) for a loan to do so. FmHA informed the Shephards that a loan could not be made unless the second mortgage held by Wilcox was released or subordinated to a new mortgage to FmHA. They told FmHA that Wilcox had agreed to subordinate her second mortgage, and arrangements for the FmHA loan proceeded. When the FmHA loan was closed, its closing agent transmitted a subordination agreement to Wilcox. Wilcox executed the agreement, returned it to the closing agent, and it was duly recorded.

Later, Land Bank foreclosed its first mortgage. Both FmHA and Wilcox claimed second lien priority. Shephards took bankruptcy and are no longer involved. Wilcox alleged the recorded subordination agreement was invalid because it was executed after the FmHA loan closing, and was not supported by any consideration.

Wilcox moved for summary judgment and attached as evidentiary materials inter alia: the note and mortgage to her; the note and mortgage to FmHA; and, the subordination agreement. FmHA did not dispute the fact that the subordination agreement was signed after its loan had been closed. It did contend that it was induced to make its loan to Shephards by Wilcox's previous oral agreement to subordinate her mortgage lien to a new mortgage to FmHA, so that FmHA would have a second mortgage; and, making the loan constituted a consideration to Wilcox. FmHA also contended that the actual execution of the agreement was a formalization of the agreement to subordinate, which agreement was made before the loan funds were advanced. The trial court found that the subordination agreement failed for lack of consideration because it was signed after the loan proceeds were disbursed; and, Wilcox was the second lien holder. The Judge observed that the closing agent "blew it". We would observe that the closing agent relied on the oral agreement to execute a written subordination agreement at his peril. Summary judgment was entered for Wilcox and against FmHA. FmHA appeals.

■ Summary adjudication is proper only when there is no substantial controversy as to any material fact, and when those undisputed facts would lead reasonable minds to but a single conclusion which would entitle a party to judgment as a matter of law. *Chase v. Young*, 831 P.2d 1014 (Okl.App.1992); *Testerman v. First Family Life Insurance Company*, 808 P.2d 703 (Okl.App.1991); *Mengel v. Rosen*, 735 P.2d 560 (Okl.1987).

■ The evidentiary materials attached to FmHA's response to Wilcox's motion for summary judgment indicated that the inducement for FmHA to make the loan to the Shephards was the representation that Wilcox would subordinate her mortgage to that of FmHA. Without that inducement, FmHA would not have made the loan. Such an inducement constitutes a consideration. The evidentiary materials attached to Wilcox's motion for summary judgment disclose that the subordination agreement was executed in writing after the FmHA loan was made, and it was properly recorded shortly thereafter. Whether Wilcox ratified a previous oral agreement (made prior to the FmHA loan being closed) by executing the subordination agreement is a disputed material fact.

FmHA contends 15 O.S.1991 § 115 creates a presumption of a sufficient consideration to support a written instrument. Wilcox contends the presumption is rebuttable. Both are correct. However, the evidentiary materials submitted could support a finding by a trier of fact that the presumption was or was not rebutted. It was error to make that finding at a hearing on a motion for summary judgment. The burden of rebutting the presumption was on Wilcox. A trial is required with both parties presenting their evidence on this material issue. Wilcox's contention, based on 16 O.S.1991 § 4 is not well taken. An oral agreement, later reduced to writing and properly executed, satisfies § 4.

REVERSED AND REMANDED for additional proceedings consistent with this opinion.

HUNTER, P.J., and BAILEY, J., concur.