Raymond ROBISON, Appellant,

v.

Walter STOKES, Defendant,

and

Dora Frances Seals, Appellee.

No. 82479.

Court of Appeals of Oklahoma,
Division No. 1.

Sept. 6, 1994.

Daniel M. Davis, Oklahoma City, for appellant.

Stephen L. Stratton, Oklahoma City, for appellee.

OPINION

HANSEN, Presiding Judge:

This is an appeal from a trial court order sustaining Defendant Dora Frances Seals' motion for summary judgment and dismissing her from Plaintiff Raymond Robison's lawsuit. The lawsuit arose out of a dog bite to Plaintiff. Plaintiff was an invitee on the premises owned by Defendant Seals and rented to Defendant Walter Stokes. Plaintiff dismissed his action against Stokes without prejudice.

Affidavits and deposition testimony attached to Appellee's motion present the following undisputed facts. One Lee Spencer was the property manager for Seals. Spencer arranged the lease to Stokes. Stokes had never met Seals. Stokes was authorized to have pets under the lease. Stokes had been in possession of the property for about six days before the dog bite incident. Neither Seals nor Spencer knew anything about the dog. The bite incident happened inside the house. The dog was a great dane/pit bull mix. Stokes had put up a sign warning of the dog.

On appeal Plaintiff admits Seals owed no duty to him under the strict liability statute pertaining to dog bites. 4 O.S. 1991 § 42.1. His claim is based on common law premises liability. He cites *Beatty v. Dixon*, 408 P.2d 339 (Okla.1965), and *Rogers v. Hennessee*, 602 P.2d 1033 (Okla.1979), as authority for imposing a duty on Seals to warn persons of any danger of which the owner knew, or should have known, which was unknown to the invitee. However, in both *Beatty* and *Rogers*, slip and fall cases, the owner was in the possession and control of the premises. The issue in those decisions was whether the owner should have been aware of water on the floor.

Plaintiff further cites *Moores v. Rumsey*, 169 Okla. 103, 36 P.2d 15 (1934). In that case the actual dangerous condition was created by the landlord and allowed to exist. Here there is no evidence of any knowledge by Seals of the presence of the dog, let alone that it could be dangerous.

The leading Oklahoma Supreme Court decision dealing with liability for harboring a biting dog is *Hampton By and Through Hampton v. Hammons,* 743 P.2d 1053 (Okla. 1987). There, the dog was owned by the Hammons' son. The Supreme Court held that even though the Hammons were not the "owners" of the dog, they were potentially liable for any injury it might cause.

We find *Bishop By and Through Childers v. Carroll,* 872 P.2d 407 (Okla.App.1994) to be directly on point. Therein the Court of Appeals affirmed summary judgment in favor of an absentee landlord in a dog bite case based on lack of facts to support any knowledge by the landlord of the renter's harboring a vicious dog. It declined to apply *Hampton* to hold a landlord potentially liable for the actions of a renter's animal.

██ Likewise, we decline to hold that a contractual right of a tenant to have pets on the premises is tantamount to an owner's approval and knowledge of the presence of a dangerous animal. Neither does an owner have a duty to inspect the property to check for bad dogs after the tenant has taken possession.

Summary judgment is an appropriate remedy when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Buckner v. General Motors Corporation,* 760 P.2d 803 (Okla.1988). Based on the undisputed facts, the trial court did not err in granting summary judgment to Seals.

TRIAL COURT AFFIRMED.

JONES and ADAMS, JJ., concur.