2010 OK CIV APP 20

Jonathon TAYLOR, Individually, Plaintiff/Appellant,

v.

Deborah L. GLENN, Individually, and Debbie Glenn Enterprises, L.L.C., an Oklahoma Limited Liability Company, Defendants/Appellees,

and

Everett Chambers, II, Individually; Everett Chambers, I, Individually; and Brenda Chambers, Defendants.

No. 106,654.

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 15, 2010.

Thomas J. Steece, OK Legal Services, P.L.L.C., and Thomas A. Ryan, Thomas A. Ryan, P.L.L.C., Oklahoma City, OK, for Plaintiff/Appellant.

Matthew B. Wade, Oklahoma City, OK, for Defendants/Appellees.

ROBERT DICK BELL, Vice–Chief Judge.

¶ 1 In this negligence action for damages resulting from a dog attack, Plaintiff/Appellant, Jonathon Taylor, seeks review of the order granting summary judgment to the

owner/lessee of the real property, Defendants/Appellees, Deborah L. Glenn and Debbie Glenn Enterprises, L.L.C. (Landlord). For the reasons set forth below, we affirm.

¶2 Taylor, a United States Postal Carrier, was injured by a pit bull dog while he was attempting to deliver mail to the front door of a rental house. The pit bull dog shoved the glass storm door open from inside the house and jumped onto Taylor knocking him down. Taylor fractured his arm as a result of the fall. Taylor filed the instant suit against the tenants and Landlord for negligence. Taylor claimed Landlord negligently failed to maintain the storm door. Taylor alleged Landlord knew or should have known the storm door had a defective latch and Landlord failed to remedy the defect prior to this occurrence. Landlord denied Taylor's claims and moved for summary judgment. Landlord's briefs in support of summary judgment specifically urged (1) it owed no duty to Taylor to safeguard him against a tenant's dog; (2) the Oklahoma Housing Finance Agency Assisted Lease Agreement (Section 8 Lease) and additional leases prohibited dogs and Landlord had no knowledge that tenant was keeping a pit bull dog on the leased premises; and (3) Landlord had no duty to provide a storm door with lock because the property had a wood front door with a locking mechanism.

¶3 The trial court granted summary judgment to Landlord and certified the judgment for appeal pursuant to 12 O.S.2001 § 994. Taylor now appeals. This matter stands submitted for accelerated appellate review on the trial court record pursuant to Rule 13(h), Rules for District Courts, 12 O.S. Supp.2002, Ch. 2, App. 1, and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. Supp.2003, Ch. 15, App.

¶4 This Court's standard of review of a trial court's grant of summary judgment is *de novo*. *Hoyt v. Paul R. Miller, M.D., Inc.*, 1996 OK 80, ¶2, 921 P.2d 350, 351–52. Summary judgment is proper when the evidentiary materials "establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Shelley v. Kiwash Elec. Co-op.*, 1996 OK 44, ¶15, 914 P.2d 669, 674.

When this Court reviews the trial court's grant of summary judgment, all inferences and conclusions drawn from the evidence must be viewed in the light most favorable to the party opposing the motion. *Id.*

¶5 In order to state a cause of action for recovery under a negligence theory, the plaintiff must present evidence to show the existence of a duty, a subsequent breach of that duty, and an injury to the plaintiff proximately flowing from the breach of that duty. *Lay v. Dworman*, 1986 OK 85, ¶5, 732 P.2d 455, 458. In this case, summary judgment was granted to Landlord on the threshold element that Landlord did not owe a duty of care to Taylor.

¶6 In an Oklahoma dog bite case, an absentee landlord—who lacks knowledge of the tenant's harboring of a vicious dog—cannot be held liable for negligence as the keeper or harborer of his tenant's dog. *Bishop By and Through Childers v. Carroll*, 1994 OK CIV APP 37, 872 P.2d 407. We hold this legal principal logically extends to dog attack negligence cases. Notwithstanding this legal principle, Taylor contended Landlord still owed a duty of care to Taylor under the premises liability theory. Taylor argued under the lease agreements, Landlord had a duty to maintain the exterior door of the dwelling in operable condition. Taylor claimed Landlord breached this duty when it failed to repair the storm door and said breach resulted in the dog's escape. Taylor urged a question of fact existed as to whether the defective door caused or contributed to Taylor's injury.

¶7 Recently, Division 1 of this Court decided a case with facts similar to the instant case. In *Eastin v. Aggarwal*, 2009 OK CIV APP 67, 218 P.3d 523, the Plaintiff sued the absentee landlords alleging they negligently maintained the fence surrounding their rental property and said dilapidated fence failed to secure a dog which attacked Plaintiff's child and caused injuries. Based on the evidence presented, *Aggarwal* affirmed the trial court's grant of summary judgment in favor of the landlord. *Aggarwal* reiterated:

Where the premises provided are inadequately secured due to ineffective or defec-

tive materials, a duty on the part of the landlord to provide repairs or modifications would arise upon notification of the defect by the tenant. This duty arises from the landlord-tenant contract and from the implication that the landlord is to provide services under the contract in a diligent manner.

*Aggarwal* at ¶ 13, 218 P.3d at 528, *quoting Dworman* at ¶ 10, 732 P.2d at 458.

¶ 8 In *Dworman,* the tenant brought an action against the landlord for negligence when she was raped in her apartment. The Supreme Court held the landlord owed a duty to the tenant to make necessary repairs to a defective lock. That duty flowed from the landlord's averred knowledge of criminal activities in the apartment complex and its knowledge of the tenant's defective door. *Aggarwal* distinguished *Dworman* by pointing out the duty to provide a lock in good repair was owed by the landlord to the *tenant* pursuant to the lease contract. *Dworman* did not impose a duty upon a landlord to secure third parties from a tenant's dangerous dog.

¶ 9 *Aggarwal* found no authority requiring an owner of real property to fence the yard. It further found there was no evidence creating a dispute as to whether the landlord undertook to repair the fence with the goal to protect third parties from his tenant's dog. *Aggarwal* also noted the lease prohibited tenants from keeping dogs on the premises absent the landlord's permission, and there was no evidence suggesting that the tenants sought the landlord's permission. Finding no evidence in the record to support an inference that the fence was intended to offer protection for the tenant or third parties, *Aggarwal* determined the undisputed evidence showed landlord owed no duty to protect or warn the plaintiff.

¶ 10 Here, as in *Aggarwal,* Taylor has not provided any authority supporting his claim that Landlord had a duty to install or repair a secondary storm door. Furthermore, Taylor presented no evidence that the storm door was installed with the intent to protect third parties from the tenant's dog. Taylor also failed to show that the lease agreements impose a duty upon landlords to install, maintain and repair secondary storm doors in addition to the existing exterior wood door with a locking mechanism or that such duty, if it existed, extended beyond the occupants of the dwelling to third parties. For the reasons discussed herein, we hold the trial court properly concluded Landlord owed no duty under the premises liability theory to repair the storm door latch to protect third parties from tenant's dog.

¶ 11 Because we hold summary judgment was properly granted to Landlord, we reject Taylor's first and second propositions of error on appeal which challenge the timeliness and sufficiency of the record to support summary judgment.

¶ 12 AFFIRMED.

JOPLIN, P.J., and MITCHELL, J., concur.