An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

SETH ARD AND TINA ARD,
INDIVIDUALLY AND AS PARENTS
AND LEGAL GUARDIANS OF DORIAN
ARD, A MINOR,
Appellants,
vs.
ALISSA M. GARCIA; AND ELVIA
GARCIA,
Respondents.

No. 65488

**FILED**

JUL 3 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in a tort action. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

Respondents Alissa M. Garcia and Elvia Garcia (the landlords) owned a house (the property) in joint tenancy. The landlords rented the property to Mark Wood through a property management company. Wood owned two Labrador Retriever dogs. The Labradors were permitted on the property under the property management company's rule of only allowing two dogs and not allowing breeds such as a Pit Bull, Doberman Pinscher, or Rottweiler. The landlords never met Wood and only knew about his two dogs from the lease. Appellants Seth Ard, Tina Ard, and their seven-year-old son Dorian Ard visited Wood at the property. When Wood opened the front door, Wood's dogs attacked Dorian, inflicting severe injuries.

The Ards brought a negligence and negligence per se claim against the landlords. The landlords moved for summary judgment, which the district court granted. The district court reasoned that under *Harry v.*

SUPREME COURT
OF
NEVADA

(O) 1947A

15-23168

*Smith*, 111 Nev. 528, 893 P.2d 372 (1995), and *Wright v. Schum*, 105 Nev. 611, 781 P.2d 1142 (1989), a landlord must assume some affirmative duty to protect third-parties against their tenant's pets to have liability, and here, the landlords took no action which imposed on them an affirmative duty to protect the Ards from Wood's dogs. Additionally, the district court found that the landlords' mere knowledge that Wood owned dogs did not impose any type of duty upon them to investigate the nature of Wood's dogs.

We review a district court's grant of summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). The district court properly relied upon *Harry* and *Wright*. Under *Harry* and *Wright*, a landlord only has a duty to protect third-parties from his tenant's dogs if the landlord assumes a duty through his actions, i.e. offers to fix a fence.[1] *Harry*, 111 Nev. at 533-34, 893 P.2d at 375; *Wright*,

---

[1]On appeal, the Ards urge this court to abandon the standard articulated in *Harry* and *Wright*, and apply the general premise liability standard articulated in *Moody v. Manny's Auto Repair*, 110 Nev. 320, 333, 871 P.2d 935, 943 (1994), in order to determine whether the landlords owed the Ards a duty of care. We decline to extend the general premise liability standard to the dog attack scenario presented here at this time. Yet, even under this standard, we would still affirm the district court, because the harm (the dog attack) created by the defendants' conduct (the landlords renting the property to Wood) was not foreseeable. *See Sparks v. Alpha Tau Omega Fraternity*, 127 Nev., Adv. Op. 23, 255 P.3d 238, 244 (2011) ("[A] duty of care arises when (1) a special relationship exists between the parties ... , and *(2) the harm created by the defendant's conduct is foreseeable*." (emphasis added) (internal quotation marks omitted)). The harm was not foreseeable because dogs are presumed non-violent and there was no evidence that Wood's dogs had a violent nature. *See, e.g., Goennenwein v. Rasof*, 695 N.E.2d 541, 544 (Ill. App. Ct. 1998) ("It is presumed that a dog is tame, docile, and harmless absent evidence

*continued on next page . . .*

121 Nev. at 618, 781 P.2d at 1146. Here, contrary to the Ards' argument, the landlords did not owe the Ards any duty of care, because they took no action which imposed a duty upon them. *See Sparks v. Alpha Tau Omega Fraternity, Inc.*, 127 Nev., Adv. Op. 23, 255 P.3d 238, 244 (2011) (stating that to prevail on a negligence claim, a plaintiff must establish the existence of a duty of care, which is a question of law).[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

. . . *continued*

that the dog has demonstrated vicious propensities."). Further, courts do not require landlords to investigate into the nature of their tenant's dogs. *See Georgianna v. Gizzy*, 483 N.Y.S.2d 892, 894 (N.Y. Sup. Ct. 1984) (stating that requiring a landlord to investigate into a tenant's dog's history would be "oppressive and unreasonable"); *Robison v. Stokes*, 882 P.2d 1105, 1106 (Okla. Civ. App. 1994) (explaining that a tenant's contractual right to keep a dog is not tantamount to a landlord's approval and knowledge of a dangerous dog, and a landlord does not have a duty to inspect the property for a dangerous dog).

[2]We have considered the parties' remaining arguments and conclude that they are without merit.

cc:    Hon. Susan Johnson, District Judge
Paternoster Law Group
Upson Smith/Las Vegas
Eighth District Court Clerk